UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY WALKER JOHNSON,
Plaintiff,

vs.

APPLE, INC., et al.,
Defendants.

Case No. 1:14-cv-819
Beckwith, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff Gregory Walker Johnson, a resident of Dayton, Ohio, brings this action against Apple, Inc., Morrison Foerster, Hogan Lovells, LLP, Dreitler, True LLC, United States District Judge Timothy S. Black, and United States Magistrate Judge Michael Newman. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

2

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In 2013, plaintiff brought a civil action against Apple, Inc. alleging claims of patent infringement, copyright infringement, trademark and trade dress infringement, unfair competition in violation of the California Unfair Competition Law, and unjust enrichment. *See Johnson v. Apple, Inc.*, No. 3:13-cv-00204 (S.D. Ohio) ("the Dayton lawsuit"). In that case, plaintiff alleged Apple infringed upon his intellectual property rights by incorporating plaintiff's inventions and innovations in its products such as the iPod, iPhone and iPad. *Id.* Magistrate Judge Newman issued a Report recommending that Apple's motion to dismiss be granted. *Id.*, (Doc. 66). Judge Black adopted the Report and Recommendation on September 8, 2014. *Id.*, (Doc. 69).

Plaintiff then filed the instant action against Apple, Inc., the law firms representing Apple, Magistrate Judge Newman, and Judge Black alleging that defendants violated his civil rights and engaged in a "conspiracy to commit fraud" based on the actions taken in the Dayton lawsuit. Plaintiff alleges that the attorney for Apple declined to settle out of court, despite knowing that his client had no patent or copyright prior to plaintiff's, and hired the Dreitler, True law firm to defend the Dayton lawsuit. Plaintiff alleges the judge and magistrate judge gave Apple special treatment throughout the fourteen months the case was pending. The complaint also realleges the intellectual property claims previously alleged in the Dayton lawsuit. Plaintiff

3

states his complaint should not have been dismissed and that the dismissal violated his constitutional and federal statutory rights. As relief, plaintiff seeks $13 billion plus punitive damages, the prosecution of everyone involved in the Dayton lawsuit, and the reopening of the Dayton lawsuit.

Plaintiff's claims against defendants Newman and Black are barred by judicial immunity. Judges are afforded absolute immunity from liability for acts they commit while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). It is clear that the ruling on Apple's motion to dismiss in the Dayton lawsuit is a judicial act, *Stump*, 435 U.S. at 362, and plaintiff has alleged no facts indicating that defendants Newman and Black acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Therefore, defendants Newman and Black are absolutely immune from civil liability in this matter and the claims against these defendants should be dismissed.

Plaintiff's conspiracy claim should also be dismissed. To prevail on a civil conspiracy claim, a plaintiff must show that the conspirator-defendants (1) engaged in a single plan; (2) shared a general conspiratorial objective to deprive plaintiff of his constitutional rights; and (3) committed an overt act in furtherance of the conspiracy causing injury to plaintiff. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (analyzing civil conspiracy claim under

4

42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)); *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (analyzing civil conspiracy claim under § 1983). Plaintiff must allege facts showing not only an agreement by defendants to violate plaintiff's constitutional rights, but also an actual deprivation of a constitutional right. *Stone v. Holzberger*, 807 F. Supp. 1325, 1340 (S.D. Ohio 1992) (Spiegel, J.). In addition, "conspiracy claims must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim. . . . Accordingly, pleading requirements governing civil conspiracies are relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (internal citations and quotations omitted). Plaintiff must allege facts to support the material elements of his conspiracy claim. *See Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009).

In this case, plaintiff has failed to allege any facts that would indicate that defendants engaged in a plan to violate his constitutional rights, shared a general conspiratorial objective with other defendants, or committed an overt act in furtherance of a conspiracy. Plaintiff merely alleges, in a conclusory fashion, that defendants engaged in a "conspiracy to commit fraud" based on the actions taken in the Dayton lawsuit. Such "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly*. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Plaintiff has thus failed to state a claim for relief for civil conspiracy.

Plaintiff's intellectual property claims against Apple, Inc. are barred by *res judicata*. "The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley*, No. 97-5961, 1998 WL 681219, at *2 (6th

5

Cir. Sept.14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). The doctrine applies not only to issues that were actually raised and litigated in the prior action, but also to any issues "which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* at *3 (internal citation and quotation omitted); *see also Parker v. Gibbons,* 62 F. App'x 95, 96 (6th Cir. 2003) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 213 (6th Cir. 1996)) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented."). Consideration of a subsequent complaint is precluded under the *res judicata* doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or . . . the same core of operative facts." *Browning v. Levy,* 283 F.3d 761, 771-72, 773-74 (6th Cir. 2002) (internal citation and quotation omitted); *see also Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 528 (6th Cir. 2006).

The undersigned finds that all four elements necessary for the application of the *res judicata* doctrine are present in this case. The dismissal of plaintiff's prior complaint in the Dayton lawsuit for failure to state a claim for relief operated as an adjudication on the merits for *res judicata* purposes. *See Cobbs v. Katona,* 8 F. App'x 437, 438 (6th Cir. 2001) (citing *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 917 (6th Cir.1986)). This action, like the Dayton lawsuit,

6

involves the same defendant – Apple, Inc. – and raises the identical intellectual property claims arising out of the same core set of operative facts. Accordingly, plaintiff's claims against Apple should be dismissed.

Finally, the Court cannot discern any other possible federal claim stemming from plaintiff's allegations. Therefore, plaintiff's allegations do not state a federal constitutional or statutory claim over which this Court might have jurisdiction under 28 U.S.C. § 1331.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/23/14

Karen L. Litkovitz, Magistrate Judge
United States District Court

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

GREGORY WALKER JOHNSON,
    Plaintiff,

vs.

APPLE, INC., et al.,
    Defendants.

Case No. 1:14-cv-819
Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).