UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregory Walker Johnson,

    Plaintiff,

    v.

Apple Inc., et al.,

    Defendants.

Case No. 1:14–cv–819

Judge Michael H. Watson

## OPINION AND ORDER

Gregory Walker Johnson ("Plaintiff"), proceeding *pro se*, sues various entities and individuals for alleged civil rights and other violations arising out of their involvement in Plaintiff's previous civil suit against Apple Inc. ("Apple"). On October 23, 2014, Magistrate Judge Litkovitz of the western division of this District issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's complaint. ECF No. 6. Plaintiff timely objected. ECF No. 9. The case was reassigned to the Undersigned on May 7, 2015. ECF No. 15. For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R.

As Magistrate Judge Litkovitz explained in the R&R, Plaintiff alleges Apple, the law firm representing Apple, Magistrate Judge Michael Newman, and Judge Timothy Black violated his civil rights and engaged in a conspiracy to commit fraud based on their involvement in Plaintiff's previous intellectual property suit

against Apple. R&R 3, ECF No. 6. Plaintiff also re-alleges the intellectual property claims he asserted in that lawsuit. *Id.*

Magistrate Judge Litkovitz recommended that the Court dismiss Plaintiff's complaint in this suit on the grounds that: (1) Plaintiff's claims against Judges Newman and Black are barred by absolute judicial immunity; (2) Plaintiff failed to plausibly allege a civil conspiracy; and (3) Plaintiff's intellectual property claims against Apple are barred by *res judicata*. *Id.* at 4–6.

Plaintiff's objections fail to raise a cogent argument in response to any of these findings. Rather, his objections reiterate his allegations that Judges Newman and Black exhibited bias towards Apple in the previous suit and that Apple has no documentary proof of its intellectual property rights. These allegations do not indicate that Magistrate Judge Litkovitz erred in her findings, and indeed, the Court finds she did not.

Plaintiff also requests that Magistrate Judge Litkovitz be "removed from this case" due to her alleged bias towards Apple. Obj. 2, 4, ECF No. 9. A federal judicial officer is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The bias or prejudice that mandates recusal, however, must be wrongful or inappropriate, *i.e.*, either relying on knowledge acquired outside the proceedings or displaying deep-seated and unequivocal antagonism that would render fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 541 (1994). Plaintiff's

unsubstantiated, conclusory allegation that he "strongly feels" that Magistrate Judge Litkovitz is biased towards Apple is insufficient to mandate her recusal.

Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R. Plaintiff's complaint is dismissed **with prejudice**. Additionally, for the reasons outlined in the R&R, the Court certifies that an appeal of this Opinion and Order would not be taken in good faith, and Plaintiff is denied leave to appeal *in forma pauperis*. Plaintiff remains free, however, to file a motion for leave to proceed *in forma pauperis* with the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**